IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRANDON ALLEN** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NUMBER:** |
| | ) | |
| v. | ) | _____ |
| | ) | |
| **PJ CHEESE, INC. d/b/a PJ UNITED** | ) | **JURY DEMAND** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Plaintiff Brandon Allen (hereinafter "Mr. Allen" or "Plaintiff"), by and through undersigned counsel, hereby files this action against Defendant, PJ Cheese, Inc., d/b/a PJ United (hereinafter "PJ United" or "Defendant"), and seeks to recover for Defendant's violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981. Mr. Allen pleads the following:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to the Act of Congress known as 28 U.S.C. §§1331, 1337, 1343, 2201 and 2202, and 42 U.S.C. §2000e et seq. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et seq., the "Civil Rights Act of 1991" and 42 U.S.C. §1981.

2. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000 et seq. providing for injunctive and other relief against race discrimination in employment.

3. The violations of Mr. Allen's rights as alleged herein occurred in Jefferson County, Alabama, and were committed within the Northern District of the State of Alabama.

1

4. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant operates in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## **JUDICIAL PREREQUISITES**

5. On May 6, 2019, Mr. Allen timely filed his charge of race discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last act of discriminatory treatment. The EEOC received the Charge on the same day. Exhibit A

6. On August 19, 2020, the EEOC stamped the Right To Sue letter concerning Mr. Allen's charge (No.: 420-2019-02109) against PJ United. EXHIBIT A.

7. On August 19, 2020, the EEOC mailed Mr. Allen's Right to Sue Letter. A copy of the postmarked envelope is attached hereto in Exhibit A.

8. Mr. Allen's EEOC Right to Sue letter was received on August 21, 2020.

9. This complaint was filed within the requisite time allowed. *Abraham v. Greater Birmingham Humane Soc'y,* Inc., 2014 U.S. Dist. LEXIS34174; See *also*, Rule (6)(d) of the Federal Rules of Civil Procedure.

10. All conditions precedent to jurisdiction are met.

## **PARTIES**

11. Mr. Allen is an African-American citizen of the United States and resident of the State of Alabama.

12. Mr. Allen is over the age of 19 years and is, and at all times material hereto, a member of a protected class, black.

13. At all relevant times, Mr. Allen was employed by Defendant at its Irondale, Jefferson County, Alabama location.

14. Defendant, PJ Cheese, Inc. d/b/a PJ United (hereinafter "PJ United" or "Defendant") is an entity subject to suit under Title VII of the Civil Rights Act of 1964, as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000 et seq., and 42 U.S.C. §1981.

## FACTS

15. Mr. Allen is an African-American male.

16. Mr. Allen worked for Defendant as a delivery driver.

17. Throughout his employment, Mr. Allen experienced racially charged harassment and was retaliated against for complaining about the racial harassment.

18. Mr. Allen was assigned to work with a white manager named Joseph (last name unknown).

19. At all relevant times, Joseph supervised Mr. Allen.

20. Joseph refused to call Mr. Allen by his given name, instead addressing his as "Boy," a term carrying known racially charged undertones.

21. Current and former employees working for Defendant witnessed Joseph calling Mr. Allen "Boy" on multiple occasions.

22. Mr. Allen repeatedly informed Joseph that he found the use of the term "Boy" when addressing him to be offensive and racially insensitive.

23. Joseph also called Mr. Allen "Monkey" and "Nigger" in-front of other employees and customers.

24. On or about the beginning of December 2018, Joseph's comments became more common and hostile.

25. Joseph started making the following statements to Mr. Allen: "you do what I say," "Monkey, you do what I say," "You are beneath me."

26. Mr. Allen continued to inform Joseph that his racially insensitive language was offensive. However, this did not deter Joseph, who continued to use the language.

27. On at least one occasion, Joseph threatened to fire Mr. Allen for complaining about the racial comments.

28. Joseph even asked his supervisor to terminate Mr. Allen for complaining about the racially insensitive comments.

29. Mr. Allen repeatedly informed other supervisors about the racially charged comments being made by Joseph. However, nothing was done and instead Mr. Allen was retaliated against by having his pay reduced.

30. On or about February 2019, management implemented a new technology that tracked the drivers. The tracking technology would score the drivers. These scores were used to determine compensation.

31. Employees were told by management that receiving a score below 80 was unacceptable. However, they were not informed that receiving a below average score one time would result in termination.

32. Mr. Allen's last day working for Defendant was March 14, 2019. Mr. Allen was terminated by Scott Herrin, the general manager of PJ United, after he submitted his last employee complaint. The reason given for his termination was receiving an unacceptable score on the driver tracking technology. However, that was the first time Mr. Allen received an unacceptable score and based upon information and belief, white employees received unacceptable scores and were not disciplined at all.

33. Mr. Allen had performed his job to the reasonable satisfaction of Defendant prior to his own complaints of racial harassment; having received no complaints of unsatisfactory work performance.

34. Management did not take proper steps to protect Mr. Allen from his white supervisor's harassment in the workplace.

35. Management did not take proper steps to protect Mr. Allen from its hostile work environment, which contributed to Mr. Allen's sense of unease.

36. Management did not take proper steps to protect Mr. Allen from retaliation in the workplace due to his race and the color of his skin.

37. Mr. Allen was terminated shortly after he issued his final complaint of race discrimination and harassment.

38. At all relevant times, Mr. Allen engaged in a protected activity in opposition to Defendant's unlawful employment practices and Defendant's stated reasons for terminating Mr. Allen were pretextual.

39. At all relevant times mentioned herein, Defendant was aware of Title VII, 42 U.S.C. § 2000e, *et. seq*. and its requirements.

40. At all relevant times mentioned herein, Defendant was aware the requirements and protections set forth by 42 U.S.C. § 1981 and its requirements.

41. At all relevant times, Defendant was aware of Mr. Allen's complaints of discrimination and requests for racial equality.

42. Defendant knowingly, willingly, and/or recklessly denied Mr. Allen his rights under 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e, *et. seq*.

43. As a proximate result of the illegal actions alleged above, Mr. Allen has been damaged in that he has been caused to suffer great humiliation and mental anguish from then until now.

44. Defendant acted intentionally to deprive Mr. Allen of his rights as alleged in an attempt to cause Mr. Allen mental anguish.

45. Defendant acted intentionally to deprive Mr. Allen of his rights by discriminating against him because of his race and because of his opposition to unlawful employment practices.

46. As a result of Defendant's action and omissions, Mr. Allen suffered and continues to suffer harm, including, but not limited to, loss of employment, denial of wages, compensation, and other benefits and conditions of employment.

47. Mr. Allen suffers a continuing harm, including pain, humiliation, anxiety, embarrassment, mental anguish and suffering, and loss of enjoyment of life due to stress and ongoing anxiety from the threats and discrimination he endured.

48. On May 6, 2019, Mr. Allen timely filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

49. The EEOC received the charge on the same day.

50. On August 19, 2020, the EEOC issued Mr. Allen's right-to-sue Letter. Mr. Allen filed this suit within 90 days of receiving his notice of the right-to-sue letter. All conditions precedent to the institution of this lawsuit have been fulfilled.

## CAUSES OF ACTION
### COUNT ONE
### DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

Plaintiff adopts and incorporates the above facts and allegations stated in paragraphs 1-50 in support of this count.

51. Mr. Allen is a member of a protected class, black (African-American).

52. Mr. Allen was subjected to adverse and discriminatory treatment sufficient to alter the terms, conditions and privileges of his employment, and the treatment to which he was subjected was because of his race, black.

53. Mr. Allen has the right to a working environment free from racial intimidation, racial epithets, and racial harassment.

54. Defendant is responsible for the behavior of its agents, including the behavior of supervisory personnel and co-workers.

55. Defendant is responsible for failure to take reasonable steps calculated to maintain a working environment free from racial intimidation, racial epithets, and racial harassment.

56. Defendant clearly had knowledge of supervisory harassment of Mr. Allen.

57. Mr. Allen suffered disparate treatment by being terminated after complaining about the race discrimination and harassment he endured during his employment.

58. Members of non-protected classes were not, and would not have been, subjected to the employment actions visited upon Mr. Allen.

59. Mr. Allen has been injured thereby.

## COUNT TWO
## DISCRIMINATION IN VIOLATION OF
## TITLE VII 42 U.S.C. § 2000e, et. seq.

Plaintiff adopts and incorporates the above facts and allegations stated in paragraphs 1-59 in support of this count.

60. Mr. Allen is a member of a protected class, black (African-American).

61. Mr. Allen was subjected to adverse and discriminatory treatment sufficient to alter the terms, conditions and privileges of his employment, and the treatment to which he was subjected was because of his race, black.

62. Mr. Allen has the right to a working environment free from racial intimidation, racial epithets, and racial harassment.

63. Defendant is responsible for the behavior of its agents, including the behavior of supervisory personnel and co-workers.

64. Defendant is responsible for failure to take reasonable steps calculated to maintain a working environment free from racial intimidation, racial epithets, and racial harassment.

65. Defendant clearly had knowledge of supervisory harassment of Mr. Allen.

66. Mr. Allen suffered disparate treatment by being unlawfully terminated after he refused to resign for engaging in protected activity concerning his complaints against Defendant.

67. Members of non-protected classes were not, and would not have been, subjected to the employment actions visited upon Mr. Allen.

68. Mr. Allen has been injured thereby.

## COUNT THREE
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

Plaintiff adopts and incorporates the above facts and allegations stated in paragraphs 1-68 in support of this count.

69. Mr. Allen is a member of a protected class, black (African-American).

70. Defendant unlawfully retaliated against Mr. Allen in violation of 42 U.S.C. § 1981 because it discriminated against Mr. Allen for opposing its unlawful employment practice.

71. Mr. Allen actively complained in opposition of Defendant's unlawful employment practice, discrimination and harassment on the basis of race.

72. Mr. Allen was retaliated against by Defendant because he engaged in protected activity.

73. Mr. Allen suffered tangible adverse employment actions and he endured a hostile work environment as a result.

74. Members of non-protected classes were not and would not have been subjected to the employment actions visited upon Mr. Allen.

75. Mr. Allen has been injured thereby.

**COUNT FOUR**
**RETALIATION IN VIOLATION OF**
**TITLE VII 42 U.S.C. § 2000e, et. seq.**

Plaintiff adopts and incorporates the above facts and allegations stated in paragraphs 1-75 in support of this count.

76. Mr. Allen is a member of a protected class, black (African-American).

77. Under Title VII, the anti-retaliation provision has two clauses - the "opposition" clause and the "participation" clause. It is "an unlawful employment practice for an employer to discriminate against any of his employees . . . (1) because he has opposed any practice made an unlawful employment practice by [Title VII], or (2) because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."

78. Both of the Title VII anti-retaliation provision clauses apply to Mr. Allen's claims.

79. Mr. Allen was retaliated against for his own complaints of race discrimination, harassment, and retaliation while employed by Defendant.

80. Mr. Allen made his complaints known to Defendant during the duration of his employment.

81. Mr. Allen suffered a tangible adverse employment action, was caused to endure a hostile work environment, and was unlawfully terminated as a result of complaining about the disparate treatment he was forced to endure.

82. Members of non-protected classes were not and would not have been subjected to the employment actions visited upon Mr. Allen.

83. Mr. Allen has been injured thereby.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a) Enter a declaratory judgment that the discriminatory practices complained of herein against Defendant are unlawful and violative of 42 U.S.C. §1981 and 42 U.S.C. § 2000e, *et seq.*;

b) Find and hold that Plaintiff suffered from Defendant's acts of discrimination on the basis of his race;

c) Order that Plaintiff be awarded the back pay and future pay he would have earned, with related monetary benefits and interest thereon, had he been permitted to keep his job;

d) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

e) Permanently enjoin the Defendant, its agents, successors, officers, employees, attorneys and those action in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

f) Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that they do not discriminate on the basis of race;

g) Award Plaintiff punitive damages in an amount to be determined at trial of this matter;

h) Award Plaintiff his attorneys' fees, including litigation expenses, and the costs of this action; and

i) Grant such other relief as may be just and proper.

## **DEMAND FOR A JURY TRIAL**

The Plaintiff demands a trial by a struck jury on all issues so triable.

Dated, this the 19th day of November, 2020.

                                             RESPECTFULLY SUBMITTED,

*s/ Daniel Patrick Evans*
Daniel Patrick Evans
ASB-3209-R67G
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone: (205) 870-1970
Fax: (205) 870-7763
E-Mail: dpevans@evanslawpc.com

*s/ Brandon Prince*
Brandon Prince
ASB-8513-N55P
BHM Law Group, LLC
1330 21st Way S, Suite 100
Birmingham, Alabama 35205
Telephone: (205) 994-0902
brandon@bhmlawgroup.com

Plaintiff's address:

c/o The Evans Law Firm, P.C.
   BHM Law Group, LLC

Defendant's Address:

**SERVE DEFENDANT BY CERTIFIED MAIL:**

PJ Cheese, Inc. d/b/a PJ United
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

11

EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA  ☒ EEOC | 420-2019-02109 |

and EEOC

State or local Agency, if any

**NAME** (Indicate Mr., Ms., Mrs.): Brandon Allen

**HOME TELEPHONE** (Include Area Code):

**STREET ADDRESS**:

**CITY, STATE AND ZIP CODE**:

**DATE OF BIRTH**:

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Papa Johns | Over 15 | 205-951-7272 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 4450 Montevallo Road Sta A108 | Irondale, Alabama 35210 | Jefferson |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| PJ United, Inc. | 205-981-2800 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2300 Resource Drive | Birmingham, AL 35242 | Jefferson |

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☒ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA): Nov 2018
LATEST (ALL): March 14, 2019

☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I, Brandon Allen (African-American - Male), began working for Papa John's as a driver at the Irondale, AL (Store 591). Papa John's Store 591 is owned and operated by PJ United Inc. Throughout my employment I was racially harassed due to my race and the color of my skin, retaliated against for complaining about the racial harassment I experienced. I was repeatedly subjected to a hostile work environment and threats by my white manager. Papa John's management assigned me to work under a white manager Joseph, last name unknown. At all relevant times, Joseph supervise the cooks and drivers. Joseph was younger than me and refused to address me by name, instead he would address me as "Boy". Employees that either currently or formerly worked for PJ United, including, but not limited to, Aaron Clark, Amber McClain, Donovan Adams, Monte Tayborn, Aalyah [last name unknown], and Robert [last name unknown] witnessed Joseph calling be "Boy" on multiple occasions and can attest to the context of the comment. I informed Joseph that I found his use of the term "Boy", within the context in which he was using it, to be offensive and racially insensitive. When I complained about the discrimination I was experiencing, he started making threatening remarks. He would humiliate me and address me in-front of our co-workers by using the following slurs: Boy, Monkey, and Nigger.

**Continued On The Following Page ...**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 5-6-19

Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

Brandon Allen, EEOC Charge
Page Two

Joseph's racial hostility was observed by other employees throughout the shifts. The following employees witnessed Joseph behaving in a racially hostile manner and using racially hostile language: Aaron Clark, Amber McClain, Donovan Adams, Monte Tayborn, Aalyah [last name unknown], and Robert [last name unknown]. Such actions created a threatening and hostile work environment because he openly threatened me about hurting me, as well as racially harassing me and humiliating me in front of our co-workers. On or about the beginning of December 2018, Joseph's comments became more common and he started making the following statements to me: "you do what I say"; "Monkey, you do what I say", "You are beneath me". The following employees witnesses this incident: Aaron Clark, Amber McClain, Donovan Adams, Monte Tayborn, Aalyah [last name unknown], and Robert [last name unknown]. I complained multiple times, but he refused to address me by my name. In fact, Joseph threatened to fire me for complaining about the comments and he asked the supervisor above him to terminate me for complaining. Joseph continued to cut me down in-front of customers and employees while using the phrases stated above. During this time, my fellow co-workers warned me when I returned from deliveries that Joseph had been telling everyone that he had a gun and he was talking about using it on me.

African American co-workers were treated differently than similarly situated white co-workers. Joseph made this known to me by laughing about me reporting his behavior, because he knew management would not do anything to him. In fact, when I complained to him about not being disciplined, he told me to "Shut the fuck up", "I will be cleared", "It will be taken care of (by management)". The following employees witnessed this incident: Aaron Clark, Amber McClain, Donovan Adams, Monte Tayborn, Aalyah [last name unknown], and Robert [last name unknown]. Again, nothing was done. I constantly pointed out the racially hostile actions to management. In response, I was retaliated against. My pay was reduced, and I was not compensated for time and mileage. Shortly before my termination, management implemented a new technology that tracked the drivers. The tracking technology would score the drivers. These scores were used to determine compensation. We were told by management that receiving a score below 80 was unacceptable. After the implementation of the new technology and after my complaints of the racially hostile environment, management started to closely monitor all of my delivery routes.

My last day working for Papa John's was March 14, 2019. I was terminated by Scott Herrin, the general manager of PJ United, after I submitted my last employee complaint. The reason given for my termination was receiving an unacceptable score on the driver tracking technology. However, that was the first time I received an unacceptable score and I have personal knowledge that white employees received unacceptable scores and were not disciplined at all. When I believe the reason given as pretextual.

I believe I have been discriminated against on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I was terminated because of my race and because I reported and complained about racially hostile comments and threats to made by my supervisor to company management.

_____
Brandon Allen
Charging Party

_5/6/19_____
Date

MAY 6 2019

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Brandon Allen | From: Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2019-02109 | DEBRA N. POWELL, Investigator | (205) 651-7019 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*
BRADLEY A. ANDERSON,
District Director

AUG 1 9 2020
*(Date Mailed)*

Enclosures(s)

cc: **PJ UNITED**
c/o William K. Hancock, Attorney
Galloway Scott Moss & Hancock, LLC
2200 Woodcrest Place, Suite 310
Homewood, AL 35209

**THE EVANS LAW FIRM P.C.**
c/o D. Patrick Evans, Attorney
1736 Oxmoor Road, Suite 101
Birmingham, AL 35209

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

CP Enclosure with EEOC Form 5 (11/09)

**Privacy Act Statement:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **Form Number/Title/Date.** EEOC Form 5, Charge of Discrimination (11/09).

2. **Authority.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **Principal Purposes.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **Routine Uses.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **Whether Disclosure is Mandatory; Effect of Not Giving Information.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## Notice of Right to Request Substantial Weight Review

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## Notice of Non-Retaliation Requirements

Please **notify EEOC or the state or local agency where you filed your charge if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

U.S. Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205-2397

OFFICIAL BUSINESS
Penalty for Private Use $300

BIRMINGHAM AL 350
19 AUG 2020 PM 3 L

35209-405599